803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARY A. FIGGINS, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3771.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1986.
 
 Before: MARTIN and JONES, Circuit Judges; and COHN,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Mary Figgins appeals the district court's order upholding the Secretary's denial of her claim for disability benefits. Ms. Figgins is twenty-seven years old and has an eleventh-grade education. In the past she has performed janitorial work and has also been a telephone operator and typist. At a hearing on January 3, 1984, an administrative law judge found that Ms. Figgins suffers from a dysthymic disorder and a borderline personality disorder. He concluded, however, that Ms. Figgins retains the capacity to perform her previous work, and therefore denied her claim.
 
 
 2
 In our review we are limited to a determination of whether the administrative law judge's decision is supported by substantial evidence when considering the record as a whole. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Ms. Figgins contends that the administrative law judge's decision is not supported by substantial evidence because her treating physicians concluded she is unable to sustain substantial gainful employment. This contention is not well founded. While Dr. Cholak reported that Ms. Figgins cannot engage in substantial employment unless she has pre-vocational training first, a physician's statement of disability is not determinative of the ultimate issue. The weight given such a statement depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See Kirk v. Secretary of H.H.S., 667 F.2d 524, 538 (6th Cir. 1981); 20 C.F.R. Sec. 404.1527 (1984). It is the Secretary's function to resolve conflicts in the medical evidence and to determine issues of credibility. Kinsella v. Schweiker, 708 F.2d 1058 (6th Cir. 1983).
 
 
 3
 Ms. Figgins has complained of many physical impairments but none of them are supported by medical data. The medical records indicate problems only psychological in nature. Additionally, the administrative law judge noted that Ms. Figgins remained a suspect alcoholic and that she had not committed herself to her treatment program. He found that she plays on the sympathy of persons treating her and gives the appearance of a depressed mood when in the doctor's office, but not at other times. He further found that she had learned behavior of pretending to be sick and incompetent because it gave her rewards. The manipulative quality of Ms. Figgins was even noted by her own physician. For these reasons the administrative law judge determined that Ms. Figgins was not credible and also disregarded the opinion of her physician and therapist. This was proper. The decision to deny benefits is supported by substantial evidence.
 
 
 4
 The decision of the district court is affirmed.
 
 
 5
 JONES, Circuit Judge, dissenting.
 
 
 6
 Because I believe that the administrative law judge's decision that Ms. Figgins is capable of performing her previous work is not supported by substantial evidence, I respectfully dissent. Ms. Figgins has been diagnosed as suffering from schizophrenia and/or manic depression by three doctors without contradiction. Her last doctor concluded that she was unable to return to normal fulltime work without extensive pre-vocational training. In my view, the administrative law judge did not give this evidence adequate consideration.
 
 
 7
 In that I would award benefits, I dissent.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation